UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re Issuance of a Subpoena to Trevor Moss Pursuant to 28 U.S.C. § 1782

Case No. 18-mc-80200-KAW

**ORDER GRANTING APPLICATION FOR A SUBPOENA FOR USE IN A FOREIGN PROCEEDING**

Re: Dkt. No. 1

On November 19, 2018, Applicants filed an application for a subpoena for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. (Application ("App."), Dkt. No. 1.) Applicants seek discovery from Mr. Trevor Moss in connection with a judicial proceeding in British Columbia, Canada. (*Id.* at 2.)

On November 27, 2018, Applicants informed the Court that Nevsun Resource Ltd. -- Mr. Moss's former employer -- intended to move the Canadian court for an injunction to restrain Applicants from subpoenaing Mr. Moss. (Dkt. No. 6 at 1.) In light of the pending motion in the Canadian court, Applicants and Mr. Moss stipulated to continuing the briefing schedule on the § 1782 application. (Dkt. Nos. 7, 11.)

On December 19, 2018, Applicants informed the Court that Nevsun's motion had been heard, and that the Canadian court was reserving judgment on the motion until the week of January 15, 2019. (Dkt. No. 14 at 1.) Applicants requested that the Court not rule on the § 1782 application until after January 21, 2019. Applicants also amended the requested subpoena to exclude documents Mr. Moss had already provided to Nevsun, and to reaffirm that Applicants were not requesting privileged documents. (*Id.*; *see also* Dkt. No. 14-1.)

Pursuant to the stipulated briefing schedule, Mr. Moss filed his opposition on January 15, 2019. (Dkt. No. 16.) Mr. Moss stated that the Canadian court had yet to issue a ruling, but that it

"ha[d] made oral statements suggesting the Canadian court ultimately will be receptive to Applicants deposing him in California. Given that understanding, Mr. Moss does not oppose Applicants' request for issuance of a U.S. subpoena, with three caveats." (*Id.* at 1.) First, Mr. Moss reserved his objections to Applicants' document requests and deposition questions. (*Id.*) Second, Mr. Moss reserved his objections to the deposition location, explaining that a deposition in San Francisco would require him to travel more than 100 miles from his home in Ukiah, California. (*Id.* at 1-2.) Third, Mr. Moss requested that if the Canadian court's written ruling imposed conditions or restrictions on his deposition, Applicants would honor those conditions or restrictions. (*Id.* at 3.)

On February 1, 2019, Applicants filed a letter, stating that the Canadian court had denied Nevsun's motion for an injunction, and that the parties are in the process of settling the terms of the Canadian court's order. (Dkt. No. 17.)

In light of Mr. Moss's non-opposition and Applicants' February 1, 2019 letter, the Court GRANTS Applicants' § 1782 application, which shall be consistent with the amended subpoena as filed on December 19, 2018. (*See* Dkt. No. 14-1.) This order does not preclude Mr. Moss from bringing a motion to quash or modify the discovery sought. *See In re Raiffeinsenbank*, Case No. 16-mc-80203-MEJ, 2016 WL 6474224, at *7 (N.D. Cal. Nov. 2, 2016) ("If Zubarev seeks to challenge the intrusiveness, relevance, breadth, or burdensomeness of RFB's request for documents, the Court's ruling does not preclude him from bringing a motion to quash or modify the subpoenas."); *In re Republic of Ecuador*, Case No. 10-mc-80225-CRB (EMC), 2010 WL 3702427, at *5 (N.D. Cal. Sept. 15, 2010) ("the Court's ruling here does not preclude Mr. Borja . . . from contesting the subpoena based on undue intrusion or burden or based on other grounds (*e.g.*, overbreadth)"). Applicants are ordered to meet and confer with Mr. Moss regarding a deposition location that is convenient to Mr. Moss.

IT IS SO ORDERED.

Dated: February 11, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge